In the Matter of the Estate of JOHN C. LAVIN, Deceased.

Surrogate's Court, Chenango County, July 5, 1944.

*Wayne A. Bullock* for Frances Andrews, petitioner.

*Charles D. Clinton* for Ralph Gould, as trustee of Bernice Lavin and another.

*Raymond G. Walker,* special guardian for Bernice Lavin, an infant.

BARNES, S.   This proceeding is brought for the removal of the testamentary trustee upon the grounds of mismanagement of the trust property.   The property consisted of a farm and its equipment and about $2,500 in money and some Dairymen's League certificates.   There was a mortgage upon the farm nearly equal to the money on hand.   The trust was created for the support, care and education of two minor children until they should reach the age of twenty-one years, when they were to receive the principal.   The trust started in 1939.   The buildings and equipment on the farm were in poor condition and dairy farming was, at that time, rather unprofitable.   The trustee rented the farm on shares and the farm tenant occupied the farm until the spring of this year.   The farm is now rented to another tenant on shares.

The main source of controversy is the conduct of the farm under the previous tenant.   From the testimony taken, the general picture is that the tenant was a good handler of the stock but that he neglected to care for the buildings and machinery, and as a result the buildings have deteriorated and the machinery has become almost worthless.   However, he has

improved the dairy very materially and has made very good profits both for himself and for the trustee upon this farm. When the tenant purchased another farm last fall, he moved off this farm and merely kept the dairy there until his term expired. The unoccupied buildings deteriorated further through the winter months. In order to get a new tenant on the farm it became necessary for the trustee to make quite extensive repairs and buy new equipment. Enough repairs have been made and equipment purchased to make the farm again a going concern as a dairy farm and the dairy is producing very satisfactorily.

In ordinary cases the question of how much should be expended for repairs is a matter of sound judgment with the trustee, but in this case I think it was imperative to produce as much income as possible during the past five years even at the cost of depreciation to the buildings and equipment. The mortgage on the farm has been paid off materially. The children have been cared for and the oldest child has been educated and is now self-supporting. These two things were the primary object of the trust. The hardest part of the object of the trust has been accomplished, and with the improved dairy and better farming conditions it can be expected that the farm will produce sufficient to make these repairs and still complete the education of the minor child.

It should be borne in mind that the court could have directed the payment of the mortgage on the farm from the funds on hand at the time this trust was commenced, but did not do so in order that there might be sufficient funds available to support and educate these children even if the farm was sacrificed. I think the trustee has carried out this idea to the best of his ability under all the circumstances. Criticisms may justly be directed towards the tenant who occupied the farm, but at the time this trust was commenced perfect tenants were unobtainable, and there is no evidence that any other tenant who could have been obtained, would have been more desirable. There is no objection to the present tenant on the farm.

The decedent knew when he made his will that the trustee was not a farmer but was his minister and he trusted in him to manage his property and provide for the support and education of his children through the means of tenant farming. A tool house, for instance, can be built in later years, but these children must be educated at the proper age. The trustee has been able to carry out this general scheme very successfully. By tenant farming upon this mortgaged farm with poor stock and equip-

ment he has been able to find the funds with which to provide the education for these two children. That is true through the hard period of farming and I find no reason for branding him as undutiful to his trust.

One trust will terminate this fall and the other trust has a further period of five years to run. Each trust consists of an undivided one-half interest in the farm and property. It may be that when the one trust is terminated that the differences between the parties will become such that it will not be advantageous to continue the other trust under its present provisions. However, that time has not come.

The application to remove the trustee is denied. Settle costs and allowances of this proceeding upon notice.